MCGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
LAURA D. WITHERS
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00015-DAD-BAM |
| Plaintiff, | |
| v. | ORDER RE: UNITED STATES' BRADY EFFORTS |
| ERIK RAZO QUIROZ, et al., | |
| Defendants. | |

I. **Background**

On March 8, 2019, defendant Conrado Virgen Mendoza filed a motion seeking discovery. Doc. 185. The United States filed a response on March 18, 2019. Doc. 204.

In its response, the United States proposed a plan to conduct a reasonably diligent effort to investigate potential exculpatory or impeaching information in the care, custody, and control of state and local law enforcement officials pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny ("Brady Plan"). Doc. 204 at 16-20.

On March 22, 2019, defendant's counsel notified the Court via electronic mail that the proposed Brady Plan appeared reasonable. At a hearing on March 25, 2019, the Court indicated that the Brady Plan appeared reasonable; counsel for each defendant were present and none objected to the Court's conclusion. The Court directed counsel for the United States to prepare a proposed order regarding the

1

Brady Plan.

**II.     Findings**

The Court finds that the United States' Brady Plan represents a reasonably diligent effort to uncover potential exculpatory and impeachment information held by state and local officials.

Counsel for the United States shall undertake the following efforts.

A. Efforts Regarding Witnesses

1. *Scope*

The United States will make efforts regarding each of its trial witness who is a local or state law enforcement officer to identify both Brady and Giglio information.

2. *Brady/Exculpatory information*

a.     Counsel for the United States will brief each witness on Brady obligations. Counsel will instruct witnesses that the United States is obligated to identify information that is favorable to a defendant, including evidence that "negate[s] the guilt of the accused, mitigate[s] the offense, or mitigate[s] the sentence." Cal. R. Prof. Conduct 3.8(d).

b.     Counsel for the United States will explain the charges against the defendants and potential defenses, including: (1) as to Counts Three and Four, that a defendant did not assist Paulo, did not have the required mental criminal intent, or that a defendant acted under duress. *See*, *e.g*., Doc. 163 at 5 (defendant Moreno's motion indicating a duress defense and indicating that defendants Madrigal, Moreno, Cervantes, and Adrian made statements relevant to such a defense); and (2) as to Counts One and Two, that defendant Razo did not knowingly possess a firearm. *See* Doc. 163 at 5 (raising potential "transitory possession" defense of defendant Razo).

c.     Should any defendant wish the United States to search for information regarding a particular defense not mentioned above, counsel for the United States would include that defense in its discussion with witnesses.

d.     The United States will discuss with the witnesses whether the witness recorded any information related to any of the defendants in the following formats: (1) reports; (2) rough notes; (3) email; (4) text messages; (5) social media posts; (6) audio or video, including body camera; and (7) any other format.

    e.  For any format in which the witness recorded information, the United States will seek to determine whether that source of information has been disclosed to the United States. For any information that has not been disclosed, the United States will determine through discussions with the witness or supervisory personnel within the witness's agency, or agency legal counsel, whether that source of information has been retained by the agency and is reviewable.

    f.  Where a source of information is retained and reviewable, the United States will request that the source of information either be made available for review or reviewed by a supervisory state agency representative or agency legal counsel for <u>Brady</u> material.

    g.  The United States will disclose to defendants, consistent with <u>Brady</u>, U.S. Department of Justice policy, and the California Rules of Professional Conduct, exculpatory information it gains through this review.

  3. *Giglio/impeachment information*

    a.  The United States will seek to identify impeachment information regarding its state and local law enforcement witnesses.

    b.  Counsel for the United States will inquire of these witnesses about impeachment information relating to their credibility.

    c.  Counsel for the United States will request that local prosecutorial offices engage in a search for impeachment information related to the witnesses.

    d.  The United States will request that supervisory personnel within the witness's agency, or agency legal counsel, review the personnel files of each witness for impeachment information related to the witness's credibility.

    e.  The United States will disclose to the defendant, consistent with <u>Brady</u>, U.S. Department of Justice policy, and the California Rules of Professional Conduct, exculpatory information it gains through this review.

    f.  The United States will disclose to the defendant, consistent with <u>Giglio</u>, U.S. Department of Justice policy, and the California Rules of Professional Conduct, impeachment information it gains through this review, or, if in question, submit to the Court for <u>in camera</u> review.

B. Efforts to identify additional persons with potential knowledge of Brady information

1. The United States will also make efforts to identify additional persons with knowledge of potential Brady information. These will be individuals who were substantially involved in investigative efforts relating to a defendant (that is, during the period December 26, 2018 through January 17, 2019, they interviewed a defendant or were present at such an interview; interviewed a witness about a defendant or were present at such an interview; searched a defendant's belongings, vehicle or residence; or directly supervised the efforts of another agent who performed any such task).

2. The United States will seek to identify such persons through its review of reports, discussion with its previously-identified witnesses, and with agents who supervised the manhunt and investigative activities related to the defendants.

3. For additional persons with potential Brady information, the United States will engage in the inquiry discussed above in Section A.2. If the United States thereafter determines to call the individual as a witness, it will engage in the inquiry discussed above in Section A.3.

C. Efforts to identify additional sources of information

1. The United States will also make efforts to identify additional sources of information outside of its discussion with witnesses and other persons with knowledge.

   a. These efforts will involve the United States asking agents who supervised the manhunt and investigative activities related to the defendants whether they are aware of any Brady information related to the defendants.

   b. For any information identified, the United States will request that that information be made available to the United States for review.

2. The United States will disclose to defendants, consistent with Brady, U.S. Department of Justice policy, and the California Rules of Professional Conduct, exculpatory information it gains through this review.

IT IS SO ORDERED.

Dated: **March 28, 2019**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

4