UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK RAZO-QUIROZ, CONRADO VIRGEN-MENDOZA, MARIA LUISA MORENO, and ERASMO VILLEGAS-SUAREZ,<br><br>Defendants. | No. 1:19-cr-00015-DAD-BAM<br><br>ORDER ON VARIOUS PRETRIAL MOTIONS<br><br>(Doc. Nos. 160, 161, 165, 167, 171, 172, 180, 181, 187) |

This matter is before the court on various pretrial motions filed by defendants. First, defendant Maria Luisa Moreno has moved to dismiss the forfeiture allegations of the indictment (Doc. No. 161)[1] and to dismiss for selective prosecution (Doc. No. 165).[2] Second, defendant Conrado Virgen Mendoza has moved to dismiss the superseding indictment for vindictive prosecution. (Doc. No. 172.) Third, various defendants have moved for severance. In this regard, defendant Maria Luisa Moreno has moved to sever her case from those of the remaining

/////

---

[1] Defendant Maria Luisa Moreno filed a duplicate of this motion, which the court need not address separately. (*See* Doc. No. 167.) Defendant Bernabe Madrigal Castaneda has also joined in this motion. (Doc. No. 174.)

[2] Defendant Bernabe Madrigal Castaneda has joined in this motion. (Doc. No. 178.)

1

four defendants (Doc. No. 160).[3] Defendant Erik Razo-Quiroz has moved to sever his case from that of all other defendants. (Doc. No. 187.) Defendant Conrado Virgen Mendoza has moved to sever counts four and five from all other counts alleged in the superseding indictment. (Doc. No. 171.) Finally, defendant Erasmo Villegas-Suarez brings a motion to sever count eight[4] from all other counts in the superseding indictment. (Doc. No. 180.)

A hearing on these motions was held on March 25, 2019. Assistant U.S. Attorneys Karen Escobar, Laura Withers, Michael Tierney, and Erin Sales appeared on behalf of the government. Attorney Barbara O'Neill appeared for Erik Razo-Quiroz. Attorney Gary Huss appeared for Adrian Virgen Mendoza. Assistant Federal Defenders Megan Hopkins and Erin Snider appeared for Conrado Virgen Mendoza. Attorney Serita Rios appeared for Ana Leydi Cervantes-Sanchez. Attorney John Meyer appeared for Erasmo Villegas-Suarez. Attorney David Torres appeared for Bernabe Madrigal-Castaneda. Attorney Willard Bakeman appeared for Maria Luisa Moreno. Below the court will describe the background against which the pending motions have been brought and then address each of the motions separately

## BACKGROUND

The following facts and allegations are primarily derived from the second superseding indictment returned on March 21, 2019. (Doc. No. 230.) On December 26, 2018, Newman Police Department Corporal Ronil Singh was shot, allegedly by Paulo Virgen Mendoza ("Paulo"). Over the course of three days, law enforcement identified seven individuals who allegedly assisted Paulo in his efforts to evade and escape law enforcement and to conceal, harbor, and shield him from detection despite his alien status. (*Id.* at 2–5.) According to the government, these seven co-conspirators assisted Paulo in attempting to travel from California to Mexico and in taking actions such as concealing his truck, disposing of his firearm, and providing him with money, a new phone, and a change of clothes. (*Id.* at 3, 5.)

---

[3] This motion has been joined in by defendants Villegas-Suarez (Doc. No. 181) and Madrigal-Castaneda (Doc. No. 173).

[4] Defendant Villegas-Suarez's motion identifies charge eight but is labeled as charge nine in the second superseding indictment.

Defendant Maria Luisa Moreno ("Moreno") is Paulo's great aunt and is married to co-defendant Bernabe Madrigal-Castaneda ("Madrigal-Castaneda").[5] Defendants Moreno and Madrigal-Castaneda are charged in the second superseding indictment in: count three with conspiracy to aid and abet flight to avoid prosecution; and count four with conspiracy to harbor an alien. Defendants Moreno and Madrigal-Castaneda also own the real property located at 8200 Brooks Lane, Bakersfield, California, which was their residence and is now a subject of the criminal forfeiture allegations of the indictment. (Doc. No. 230 at 9.)

Defendant Erik Razo-Quiroz ("Razo-Quiroz") was Paulo's coworker. Razo-Quiroz is charged: in count one with being a convicted felon in possession of firearms; in count two with being an illegal alien in possession of a firearm; in count three with conspiracy to aid and abet flight to avoid prosecution; and in count four with conspiracy to harbor an alien.

Defendant Adrian Virgen-Mendoza ("Adrian") is a brother of Paulo.[6] He is charged: in count three with conspiracy to aid and abet flight to avoid prosecution; in count four with conspiracy to harbor an alien; in count seven with misuse of social security number; and in count eight with possession of false immigration document.

Defendant Conrado Virgen-Mendoza ("Conrado") is another brother of Paulo. Conrado is charged: in count three with the conspiracy to aid and abet flight to avoid prosecution; in count four with the conspiracy to harbor an alien; in count five with misuse of social security number; and in count six with possession of false immigration document.

Defendant Erasmo Villegas-Suarez ("Villegas-Suarez") is a relative of Paulo. Villegas-Suarez is charged: in count three with the conspiracy to aid and abet flight to avoid prosecution; in count four with the conspiracy to harbor an alien; and in count nine with misuse of social security number.

---

[5] Pursuant to a plea agreement filed with the court on April 4, 2019 (Doc. No. 253), it is anticipated that defendant Madrigal Castaneda will enter a plea of guilty to the conspiracy charged in count three of the indictment on April 8, 2019.

[6] Pursuant to a plea agreement filed with the court on April 3, 2019 (Doc. No. 251), it is anticipated that defendant Adrian Virgen-Mendoza will also enter a plea of guilty to the conspiracy charged in count three of the indictment on April 8, 2019.

Defendant Ana Leydi Cervantes-Sanchez ("Cervantes-Sanchez") is the girlfriend of Paulo. She is charged: in count three with the conspiracy to aid and abet flight to avoid prosecution; and in count four with the conspiracy to harbor an alien.

Below, the court addresses each of the pending motions.

**DISCUSSION**

**A. Defendant Moreno's Motion to Dismiss Criminal Forfeiture Allegations**

On March 7, 2019, defendant Moreno filed a motion to dismiss forfeiture allegations, challenging the potential forfeiture of her house on Eighth Amendment grounds. (Doc. No. 161.) The government filed an opposition to the motion on March 15, 2019, arguing that a motion challenging merely a potential forfeiture is premature and should be denied. (Doc. No. 194.)

"Criminal forfeitures are imposed upon conviction to confiscate assets used in or gained from certain serious crimes." *Kaley v. United States*, 571 U.S. 320, 323 (2014). Criminal forfeiture is not a substantive element of an offense but rather "is an element of the sentence imposed following conviction." *Libretti v. United States*, 516 U.S. 29, 38–39 (1995). The purpose of forfeiture is to "ensure that crime does not pay" and to "punish wrongdoing, deter future illegality, and lessen the economic power of criminal enterprises." *Kaley*, 571 U.S. at 323 (internal quotations omitted and citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 630 (1989)).

Here, defendant Moreno moves to dismiss the criminal forfeiture allegations of the indictment, arguing that the attempted criminal forfeiture of her house is grossly disproportionate to the underlying offense charged against her. (Doc. No. 161 at 4.) Because defendant Moreno has yet been convicted, her argument in this regard is premature, and her motion to dismiss will therefore be denied. *See United States v. Faux*, No. 3:14-CR-28 SRU, 2015 WL 1190105, at *4 (D. Conn. Mar. 16, 2015) ("Regardless, dismissal of the forfeiture allegation would be premature at this juncture, because forfeiture will not be considered unless and until [defendant] is convicted."); *United States v. Montour*, No. CR09-0214 MJP, 2010 WL 1417797, at *2 (W.D. Wash. Apr. 6, 2010) (denying a motion to strike the forfeiture allegations prior to conviction

/////

4

because the facts underlying the forfeiture liability had not been established).[7]

**B. Defendant Moreno's Motion to Dismiss for Selective Prosecution**

On March 7, 2019, defendant Moreno also filed a motion to dismiss based upon the claim that she has been subjected to selective prosecution in this action. (Doc. No. 165.) Defendant Moreno argues that the government is selectively prosecuting her and should instead be prosecuting the Stanislaus County Sheriff's Department, which "deliberately and knowingly harbored, concealed, and shielded [the alleged shooter] from immigration authorities" as part of a "known, systematic effort by the state of California to shield, protect, and grant sanctuary to illegal aliens in the custody of the California jail system." (*Id.* at 4.) Additionally, defendant Moreno argues that the government should have prosecuted other relatives of Paulo, who she asserts permitted him to spend the night at their residence. (*Id.* at 5–6.) The government argues that defendant Moreno has failed to make even a *prima facie* showing of selective prosecution and that she is therefore not entitled to dismissal of the second superseding indictment on this ground. (Doc. No. 192 at 4–6.) The government is correct in this regard.

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). In general, a prosecutor has discretion to prosecute (or not prosecute) a case, subject to constitutional constraints, including that of the Due Process Clause of the Fifth Amendment. *Id.* at 464. "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *Id.* at 465. "The claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was

---

[7] Counsel for defendant Moreno argued in reply and at the hearing that the motion to dismiss was not premature because defendant Moreno was being prevented from offering the house as collateral to secure her release on bail. As noted at the hearing, the court is unaware of any authority that prevents it from accepting a property identified in a forfeiture allegation of an indictment as collateral for purposes of bail, so long as the court finds the collateral and other conditions of release offered to be sufficient to provide reasonable assurances that the defendant will neither flee nor pose a danger to the community if released. In any event, that question is not now before the court.

motivated by a discriminatory purpose.'" *Id.* "To succeed on a claim of selective prosecution a defendant has the burden of establishing that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution of the defendant was based on an impermissible motive." *United States v. Ness*, 652 F.2d 890, 892 (9th Cir. 1981) (citing *United States v. Wilson*, 639 F.2d 500, 503-04 (9th Cir. 1981)); *see also Armstrong*, 517 U.S. at 465 ("To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted.").

Here, defendant Moreno has not shown that the Stanislaus County Sheriff's Department and other relatives of Paulo are similarly situated parties. Defendant Moreno does not allege that she engaged in the same activity as the Stanislaus County Sheriff's Department and the other relatives to whom she refers, but that only she was prosecuted. Certainly, with respect to the Sheriff's Department, it is obvious she cannot make such a showing, rendering her argument in that regard frivolous. Further, even if defendant Moreno were able to make this showing with respect to the other relatives to whom she refers, her argument would fail. "Selectivity in prosecution is not impermissible . . . [and defendant] must show that the selection was deliberately based on an unjustifiable standard." *United States v. Wayte*, 710 F.2d 1385, 1387 (9th Cir. 1983), *aff'd*, 470 U.S. 598 (1985). No such showing has been made here.

Because defendant Moreno has failed to establish either prong of a cognizable claim of impermissible selective prosecution, her motion to dismiss on this ground will also be denied.

**C. Defendant Conrado's Motion to Dismiss the Indictment**

Defendant Conrado moves to dismiss the second superseding indictment, arguing "that the government's decision to file additional charges represents an effort to penalize Mr. Virgen Mendoza for demanding a trial pursuant to the Speedy Trial Act, and for appealing the order of detention, in violation of Mr. Virgen Mendoza's due process rights." (Doc. No. 172 at 1.)

"Absent direct evidence of an expressed hostility or threat to the defendant for having exercised a constitutional right, to establish a claim of vindictive prosecution the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an

6

appearance of vindictiveness." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982) (internal citations omitted). "If there is a sufficient prima facie showing of vindictiveness, the burden shifts to the prosecution to show that any increase in the severity of the charges did not stem from a vindictive motive or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." *Id.* (citing *United States v. Burt*, 619 F.2d 831, 836 (9th Cir. 1980); *United States v. Griffin*, 617 F.2d 1342, 1347 (9th Cir. 1980)).

Defendant Conrado has not presented any evidence of an expressed hostility or threat, and thus concedes that there is no direct evidence of vindictive prosecution here. (*See* Doc. No. 172 at 5.) Nonetheless, defendant Conrado argues that there is circumstantial evidence of retaliation, because despite being in possession of the evidence supporting counts four and five of the superseding indictment prior to the filing of the original indictment, the government only chose to add those counts after defendant Conrado exercised his right to request a speedy trial and after his appeal to the Ninth Circuit of this court's order detaining him. (*Id.* at 6–8.) The government opposes dismissal on this ground, arguing that its decision to pursue additional charges against defendant Conrado was based on "independent reasons and intervening circumstances" unrelated to his exercise of his rights in connection with this prosecution. (Doc. No. 193 at 1.) A reply was not filed.

Even assuming that defendant Conrado has established a *prima facie* case of vindictiveness, the government's response dispels the appearance of vindictiveness. Here, the government represents that the initial criminal complaint was filed within days of the alleged criminal activity, and that a criminal investigation into other acts undertaken in violation of federal law was still ongoing at the time the original indictment was sought. (Doc. No. 193 at 5.) The government states that it presented the additional evidence discovered during the ongoing investigation to the grand jury as soon as it possessed the documentary evidence necessary to sustain additional criminal charges. (*Id.* at 6–8.) Here, unlike in other cases in which courts have found vindictiveness, the evidence upon which the additional criminal charges was based was apparently not fully available at the time the original indictment was returned. *See United States v. Jenkins*, 504 F.3d 694, 702 (9th Cir. 2007) (justifications offered by the government did not

7

dispel the appearance of vindictiveness when the evidence to bring additional charges was available all along, but additional charges were only brought after defendant chose to testify at trial). The court finds the government's explanation to be reasonable and concludes that it sufficiently dispels the appearance of vindictiveness. *See United States v. Griffin,* 617 F.2d 1342, 1348 (9th Cir. 1980) (finding that the circumstances dispelled the appearance of vindictiveness because "an investigation into conduct different from that which has already been made the subject of an indictment should not be limited by the time schedule established for the earlier prosecution."). Accordingly, defendant Conrado's motion to dismiss for vindictive prosecution will be denied

**D. Motions to Sever**

1. Motion to Sever Defendants – Maria Luisa Moreno

Defendant Moreno has moved to sever her trial from that of the remaining four defendants. (Doc. No. 160.) That motion was joined in by defendant Villegas-Suarez. (Doc. No. 181.) Defendant Moreno, along with defendant Villegas-Suarez, argues that: 1) she does not share anything in common with the other four defendants, who she claimed engaged in a separate conspiracy; 2) she will be denied the right to call co-defendant Adrian as a witness to establish a duress defense if she is not tried separately; 3) she will be prejudiced if tried with the other four defendants, who are charged with more serious crimes than the ones with which she has been charged. (Doc. No. 160 at 7–11.) The government argues that defendant Moreno has failed to show that she would call codefendant Adrian as a witness and also, that she has failed to establish that he would provide exculpatory testimony at her separate trial. (Doc. No. 197 at 7–9.)

"When the reason for severance is the need for a codefendant's testimony, defendant must show [1] that he would call the codefendant at a severed trial, [2] that the codefendant would in fact testify, and [3] that the testimony would be favorable to the moving party." *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991) (*citing United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986)); *see also United States v. Reese*, 2 F.3d 870, 892 (9th Cir. 1993). A defendant seeking a severance on this ground may be required to show that "the codefendant's testimony would not be cumulative." *Hernandez*, 952 F.2d at 1115 (*citing United States v.*

8

*Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985)). Finally, courts must consider "the exculpatory nature and effect of the desired testimony—in other words, the *degree* to which the asserted codefendant testimony is exculpatory." *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991). In doing so, courts consider "the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, the probability that such testimony will materialize, [and] the economy of a joint trial." *Id.* (citing *United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977)).

Here, neither defendant Moreno nor defendant Villegas-Suarez have submitted affidavits establishing that they would call a codefendant as a witness at a severed trial, that the codefendant would in fact testify, and that the codefendant would provide relevant and favorable testimony to the defendant seeking the severance. *See Hernandez*, 952 F.2d at 1115 (defendant submitted an affidavit stating that his brother would have provided exculpatory evidence at a severed trial). At the hearing on the pending motion, counsel for defendant Moreno reported merely that there were "logistical problems" in obtaining such a declaration. The absence of such supporting declarations or affidavits is fatal to defendants' motion. Without such declarations the court is unable to assess the exculpatory nature of the testimony that the moving defendant asserts can only be presented at a separate trial. Moreover, it now appears that codefendant Adrian will be entering a guilty plea in this case and would no longer be precluded from testifying at the joint trial of the remaining defendants. (*See* Doc. No. 251.)

Therefore, defendant Moreno's motion to sever her trial from that of the remaining four defendants, due to the asserted need for a codefendant's testimony which would only be available at a severed trial, will be denied.

Moreover, the court notes that all defendants are charged in the two conspiracy counts of the indictment (counts three and four). Defendant Moreno's contention, that in each instance there were two separate conspiracies rather than the single conspiracy charged, is not a basis for severance but rather a defense at trial. *See United States v. Torres*, 869 F.3d 1089, 1101-02 (9th Cir. 2017). None of the other grounds for severance suggested by defendant Moreno for severance are persuasive, and her motion seeking severance will be denied in its entirety.

### 2. Motion to Sever Defendants – Erik Razo-Quiroz

Defendant Razo-Quiroz moves to sever his trial from that of his codefendants Conrado and Cervantes-Sanchez. (Doc. No. 187.) Defendant Razo-Quiroz argues that both Conrado and Cervantes-Sanchez made statements to the law enforcement agents inculpating him in the alleged conspiracy. (*Id.* at 2–3.) Because defendants Virgen-Mendoza and Cervantes-Sanchez do not intend to testify at a joint trial, defendant Razo-Quiroz argues that his confrontation clause rights will be violated if their inculpatory statements are introduced against them at a joint trial. (*Id.*)

"In *Bruton*, the Supreme Court held that a defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *United States v. Mikhel*, 889 F.3d 1003, 1044 (9th Cir. 2018) (citing *Bruton v. United States*, 391 U.S. 123, 135 (1968)). However, the *Bruton* rule is only implicated with the introduction of "facially incriminating confessions," as opposed to confessions that are "not incriminating on its face and became so only when linked with evidence introduced later at trial . . . ." *Richardson v. Marsh*, 481 U.S. 200, 208 (1987). When "limited to facially incriminating confessions, *Bruton* can be complied with by redaction . . . ." *Id.* at 209; *see also United States v. Soriano*, 880 F.2d 192, 197 (9th Cir. 1989). To comply with *Bruton*, a redaction, however, cannot "simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration . . . ." *Gray v. Maryland*, 523 U.S. 185, 192 (1998).

Here, the government argues that any *Bruton* issues that may arise at a joint trial of all the defendants can be resolved through proper redaction and/or a limiting instruction. (Doc. No. 197.) At the time of the hearing on the pending motions, the parties were awaiting the official translations of the witness statements in question, and therefore, the government has not yet been able to make proposed redactions to the statements in question for consideration by the defense and ultimately the court. The court cannot evaluate whether any *Bruton* issues that remain can be resolved by way of redaction or otherwise until it is able to review the government's proposed redactions. Accordingly, defendant Razo-Quiroz's motion to sever his trial from that of his

1  codefendants Conrado and Cervantes-Sanchez will be denied without prejudice as to its renewal

2  after *Bruton* redactions have been proposed by the government.[8]

3         3. <u>Motions to Sever Counts – Conrado and Villegas-Suarez</u>

4         Defendant Conrado has moved to sever counts four and five from the conspiracy charges

5  brought against him, arguing that those substantive counts, which involve the alleged misuse of a

6  social security number and false immigration documents,[9] are improperly joined with all other

7  counts in the superseding indictment. (Doc. No. 171.) Likewise, defendant Villegas-Suarez

8  brings a motion to sever count eight[10] charging him with misuse of a social security number, from

9  all other counts alleged in the second superseding indictment. (Doc. No. 180.)

10         "Rule 8(a) provides for joinder of offenses against a single defendant in the indictment if

11  one of three conditions is satisfied. The offenses charged must be: (1) 'of the same or similar

12  character;' (2) 'based on the same act or transaction;' or (3) 'connected with or constitut[ing]

13  parts of a common scheme or plan.'" *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007)

14  (quoting Fed. R. Crim. P. 8(a)). Though "Rule 8 has been broadly construed in favor of initial

15  joinder, the joinder decision warrants scrutiny . . .. At least one of Rule 8(a)'s three conditions

16  must be satisfied for proper joinder, and those conditions, although phrased in general terms, are

17  not infinitely elastic." *Id.* at 573 (internal quotations and citations omitted).

18  /////

---

[8] At the hearing on the motion, counsel for defendants Conrado and Cervantes-Sanchez opposed redaction of their clients' statements to remove mention of defendant Razo-Quiroz on the grounds the statements made were exculpatory as to their clients. If this motion for severance is renewed, counsel for defendants can submit any opposition to redaction to the court. In addition, at the hearing, counsel for defendant Razo-Quiroz stated that if severance is not granted on *Bruton* grounds, she intended to move to sever his trial from that of other defendants on the grounds that she could not yet be prepared for trial on the currently scheduled date. *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (trial delay due to a continuance granted to one codefendant applies to another codefendant as excludable time). However, no motion for a continuance of the trial date or to sever is now before the court on this basis.

[9] Hereinafter in this order, the counts pertaining to alleged misuse of a social security number and possession of false immigration documents will be referred to as the "fraud charges."

[10] See fn. 3, above.

11

Defendant Conrado first argues that the fraud charges against him should be severed from the conspiracy charges against him for purposes of trial. (Doc. No. at 4–8.) The government argues that the joinder of the fraud charges is appropriate because "there is overlap in critical evidence in support of the fraud charges filed against both Conrado [Virgen Mendoza] and Adrian and the harboring conspiracy." (Doc. No. 197 at 9.) As noted above, defendants Conrado and Adrian are Paulo's brothers. At the hearing on the pending motions, the government explained that it was required to prove that Paulo is an undocumented alien as one of the elements of the conspiracy to harbor an alien as charged in count four of the superseding indictment. The government further explained that it intended to use birth certificates and other identification documents to establish that defendants Conrado and Adrian are undocumented aliens from which evidence the jury could infer that their brother, Paulo, is also an undocumented alien. Finally, the government argued that if the fraud charges brought against defendants Conrado and Adrian are properly joined to all other charges against them for these reasons, then similar fraud charges brought against defendant Villegas-Suarez should also be joined for purposes of trial. (*See* Doc. No. 197 at 10.) The court finds the government's argument to be convoluted and unpersuasive.

Here, joinder of the individual fraud charges brought against various defendants does not satisfy any of the three conditions under Rule 8(a).[11] Indeed, the government concedes that the fraud charges do not arise out of the same act or transaction as the remaining charges but fails to identify any grounds upon which joinder is appropriate. (Doc. No. 197 at 9.) Moreover, the government does not argue that the fraud charges are "of the same or similar character" as the charged conspiracies. Fed. R. Crim. P. 8(a). Courts "consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the

/////

---

[11] The court notes that the conspiracies charged in counts three and four spanned the short period of time between December 26, 2018 and December 28, 2018. The fraud charges against defendant Conrado predate the charged conspiracies, allegedly taking place on October 24, 2018. The fraud charge against defendant Villegas-Suarez also predate the charged conspiracies and allegedly occurred in a different county between January 5, 2018 and November 19, 2018.

12

victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)." *Jawara*, 474 F.3d at 578.

Likewise, the government does not argue that the fraud charges are "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Offenses are part of a "common scheme or plan" if "commission of one of the offenses either depended upon or necessarily led to the commission of the other . . . [or] proof of the one act either constituted or depended upon proof of the other." *Jawara*, 474 F.3d at 574 (internal citations omitted and quoting *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978)). The government has failed to show any logical relation between the fraud charges and the remaining charges of the superseding indictment. *See United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) ("When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."). The court concludes that the fraud charges do not arise out of the same common scheme or plan as the other charges of the superseding indictment and are improperly joined. *See United States v. Rajaratnam*, 753 F. Supp.2d 299, 314-15 (S.D.N.Y. 2010) (finding improper joinder and granting severance of counts where "[g]iven that those counts involve sources and companies that have nothing in common with any of the other charges, the government would prove virtually the entirety of those charges separately."); *see also United States v. Mogal*, No. 18-cr-259-BLF, 2019 WL 1102993, at *7 (N.D. Cal. Mar. 8, 2019) (granting severance for misjoinder of defendants where "there are no allegations or evidence from which the Court could conclude that these Defendants' offenses are part of the same act or transaction"); *United States v. Osuagwu*, 3:16-CR-343-K (01), 2018 WL 1014176 at *2 (N.D. Tex. Feb. 22, 2018) ("The indictment makes no connection between the alleged mortgage fraud and the basis of the[ ] tax fraud offenses; there is no relatedness of the facts underlying each offense.") (internal citations and quotation omitted)).

/////

/////

/////

/////

13

Next, defendant Conrado argues that fraud charges against him should not be joined with the fraud-related charge brought against codefendant Villegas-Suarez.[12] (Doc. No. 171 at 4–8.) "Under Rule 8(b), the sole basis for joinder of charges against multiple defendants is that the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'" *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977) (quoting Fed. R. Crim. P. 8(b)). "In determining whether two or more offenses are part of the 'same series of acts or transactions constituting an offense,' Fed. R. Crim. P. 8(b), this court looks for a 'logical relationship' between the offenses." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999). In lieu of a logical relationship, "[j]oinder under rule 8(b) cannot be based on a finding that the offenses charged were merely of the same or a similar character." *Satterfield*, 548 F.2d at 1344.

Here, the government briefly argues that the fraud charges brought against codefendants Conrado and Villegas-Suarez are similar in nature, and therefore, may be properly joined under Rule 8. (*See* Doc. No. 197 at 10.)[13] Courts have routinely rejected this type of conclusory argument. *See United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977) ("It is not enough that the acts or offenses alleged are similar."); *United States v. Roselli*, 432 F.2d 879, 898 (9th Cir. 1970) ("Charges against multiple defendants may not be joined merely because they are similar in

---

[12] Defendant Conrado's motion was filed prior to the second superseding indictment, which includes count nine in which defendant Villegas-Suarez is charged with misuse of a social security number. Following the hearing for this motion, defendant Adrian has been placed on the court's calendar for change of plea. It appears that the only remaining defendants in this case with fraud related charges are defendants Conrado and Villegas-Suarez. Therefore, the court will construe defendant Conrado's motion to sever (Doc. No. 171) as seeking the severance of all fraud related charges brought against him from those fraud related charges brought against defendant Villegas-Suarez.

[13] Even if the court were to determine that the joinder of these unrelated fraud charges with the conspiracy charges was proper under Rule 8, which it does not, the separate trial of the conspiracy charges would still be appropriate under Rule 14(a) of the Federal Rules of Criminal Procedure. At the trial of the conspiracy charges it would appear to be irrelevant whether the defendants have lawful status in the United States. Of course, in proving the completely unrelated fraud charges brought against them, their status in the United States will be at issue. Such evidence would appear to be potentially unfairly prejudicial to these defendants in the jury's consideration of the conspiracy charges.

character . . ..").  The government has not pointed to any allegations in the superseding indictment, or evidence, indicating that codefendants Conrado and Villegas-Suarez obtained their allegedly fraudulent documents in the same transaction so that the joinder of the charges would be appropriate under Rule 8(b).  *See United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970) ("It is implicit in the language of Rule 8(b) that so long as all defendants participate in a series of acts constituting an offense or offenses, the offenses and defendants may be joined even though not all defendants participated in every act constituting each joined offense.")  Therefore, the court finds that the fraud charges against defendant Conrado and defendant Villegas-Suarez are improperly joined both with (a) all other charges including the conspiracy counts of the superseding indictment and (b) with the fraud charges brought against other codefendants.  A separate trial will therefore be ordered on those fraud charges for each of the defendants.

In sum, the jury trial in this case is currently scheduled to commence on May 7, 2019.  As the matter currently stands, that trial will be on the charges alleged in counts one, two, three and four of the second superseding indictment.  Counts five and six against defendant Conrado Virgen-Mendoza will be tried in a separate trial to follow the lead trial.  Count nine against defendant Erasmo Villegas-Suarez will be tried separately as well.

## CONCLUSION

For the reasons set forth above,

1. Defendant Moreno's motion to dismiss forfeiture allegations (Doc. No. 161) is denied without prejudice to its renewal when and if it becomes ripe for decision;
2. Defendant Moreno's motion to dismiss for selective prosecution (Doc. No. 165) is denied;
3. Defendant Conrado's motion to dismiss the superseding indictment due to vindictive prosecution (Doc. No. 172) is denied;
4. Defendant Moreno's motion to sever her case from that of the remaining four defendants (Doc. No. 160), joined by defendants Villegas-Suarez (Doc. No. 181), is denied;

/////

15

5. Defendant Razo-Quiroz's motion to sever his case for purposes of trial from that of codefendants Conrado and Cervantes-Sanchez (Doc. No. 187) is denied without prejudice to its renewal after the parties have received and reviewed proposed *Bruton*-compliant redactions to the statements of co-defendants;

6. Defendant Conrado's motion to sever counts four and five from all other counts of the superseding indictment for purposes of trial (Doc. No. 171) is granted; and

7. Defendant Villegas-Suarez's motion to sever count nine[14] from all other counts in the superseding indictment for purposes of trial (Doc. No. 180) is granted.

IT IS SO ORDERED.

Dated: **April 6, 2019**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

---

[14] See fn. 3, above.